Petition of PANAMA TRANSPORT CO.

THE CLIO.

Petition of UNITED STATES.

THE SPRING HILL.

No. 151, Docket 21203.

United States Court of Appeals
Second Circuit.

Jan. 31, 1949.

See also 172 F.2d 355.

Haight, Deming, Gardner, Poor & Havens, of New York City (Charles S. Haight and MacDonald Deming, both of New York City, of counsel), for appellees the Royal Norwegian Government, Ansgar Danielsen, Olaf Tollefsen, and Ottar Fjortoft.

Kirlin Campbell Hickox & Keating, of New York City (Edwin S. Murphy and Raymond T. Greene, both of New York City, of counsel), for Panama Transport Co.

John F. X. McGohey, of New York City (Edward L. Smith and Max Taylor, both of New York City, of counsel), for The United States.

Bigham, Englar, Jones & Houston, of New York City (Andrew J. McElhinney, of New York City, of counsel), for Barber Asphalt Corporation, general agent of Tanker Spring Hill.

Before AUGUSTUS N. HAND, CLARK and FRANK, Circuit Judges.

FRANK, Circuit Judge.

■■ In Erie R. Co. v. The Cornell No. 20, 2 Cir., 164 F.2d 763, 765, we said: "Determination of the facts of a lawsuit, when the witnesses disagree about them, always presents difficulties. As the facts necessarily occurred in the past, and not in the trial judge's presence, he must undertake an historical reconstruction; and the wiser historians tell us that any such reconstruction is inherently guessy. For the likelihood is small that any mere mortal can acquire absolutely certain knowledge of bygone events. The probability is less that such knowledge will be approximated by upper-court judges, reading but a printed record, than by a trial judge who sees and hears the witnesses testify. For that reason, pursuant to the Rules, we have repeatedly refused to retry the facts of a case when the evidence was oral. Here we are again asked to do so, and must again refuse." In the case at bar, once more such a request is made. No one should be surprised that once more we refuse. It is urged that this case is unusual because the trial judge, Judge Bright, having orally announced his conclusions, filed no written opinion and died not long after he filed his findings of fact. From this, the inference is sought to be drawn that he merely rubber-stamped findings drafted by the lawyers for the successful parties. We think such an inference unjustified, especially as we knew Judge Bright to be unusually able and conscientious. As we consider that his findings are supported by the evidence, we accept them. And we think the findings sustain his legal conclusions.

■ The "Knock-for-Knock Agreement," Article 2, expressly provides that claims such as that of the Norwegian government shall be asserted, but that recovery should be waived or otherwise dealt with "as to give effect to the purposes of this Agreement." The recovery, not the decree, is barred. The Norwegian government is entitled to a decree in its favor for the amount of its claim as fixed by the Commissioner, subject to the provision that, in accordance with the terms of the Agreement, the recovery "shall be waived by the Government * * * or at the option of such Government shall be dealt with in such other way as will give effect to the purposes of this Agreement."

Affirmed.